

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 FEB -9 PM 2:00

LORETTA G. WHYTE
       CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALFRED TERRY | * | CIVIL ACTION |
| VERSUS | * | NUMBER: 00-0047 |
| VASTAR RESOURCES, INC. | * | SEC. "C", MAG. 4 |
| | * | HONORABLE GINGER BERRIGAN |
| | * | MAGISTRATE JUDGE KAREN ROBY |

* * * * * * * * * * * * *

## MOTION FOR LEAVE TO FILE AMENDED ANSWER
## TO PLAINTIFF'S FIRST SUPPLEMENTAL AND AMENDED COMPLAINT

Now comes defendant Vastar Resources, Inc., through undersigned counsel, and pursuant to the FRCP Rule 15(a) and LR72.1E, moves the Court for the entry of an order granting defendant leave to amend its answer to raise the "independent contractor" defense upon the grounds and for the reasons set forth in the accompanying memorandum.

DEUTSCH,
KERRIGAN &
STILES, L.L.P.

___Fee___
___Process___
_X_ Dktd _BC_
___CtRmDep
Doc.No.___26___

Respectfully submitted,

*[signature]*

MICHAEL CHRISTOVICH, T.A. (# 4118)
BRANDT K. ENOS (#23058)
**DEUTSCH, KERRIGAN & STILES, L.L.P.**
755 Magazine Street
New Orleans, LA 70130
Telephone: (504) 581-5141
Attorneys for Vastar Resources, Inc.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been forwarded to all counsel of record by depositing a copy thereof, postage prepaid, in the United States mail, addressed to them on this 9th day of February, 2001.

*[signature]*

G:\PURSELL\VASTAR\00026\Pleadng\LEAVE-MOTION.wpd

DEUTSCH,
KERRIGAN &
STILES, L.L.P.

- 2 -

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ALFRED TERRY** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NUMBER: 00-0047** |
| | * | |
| **VASTAR RESOURCES, INC.** | * | **SEC. "C", MAG. 4** |
| | * | |
| | * | **HONORABLE GINGER BERRIGAN** |
| | * | |
| | * | **MAGISTRATE JUDGE KAREN ROBY** |
| * * * * * * * * * * * * | | |

## ORDER

Considering the above and foregoing motion for leave to file amended answer to plaintiff's original complaint, it is hereby

ORDERED that defendant Vastar Resources, Inc. be permitted to file defendant's amended answer to plaintiff's original complaint.

DEUTSCH,
KERRIGAN &
STILES, L.L.P.

New Orleans, Louisiana, this _____ day of February, 2001.

-------------------------------------------------------------
**UNITED STATES MAGISTRATE JUDGE**

G:\PURSELL\VASTAR\00026\PLEADING\ORDER.wpd

DEUTSCH,
KERRIGAN &
STILES, L.L.P.

- 2 -

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ALFRED TERRY** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NUMBER: 00-0047** |
| | * | |
| **VASTAR RESOURCES, INC.** | * | **SEC. "C", MAG. 4** |
| | * | |
| | * | **HONORABLE GINGER BERRIGAN** |
| | * | |
| | * | **MAGISTRATE JUDGE KAREN ROBY** |
| * * * * * * * * * * * * | | |

## <u>LR7.6E CERTIFICATE</u>

Now comes defendant Vastar Resources, Inc., who certifies that defendant has spoken with opposing counsel who has refused to consent to the filing and granting of defendant's motion for leave to file amended answer to plaintiff's original complaint.

DEUTSCH,
KERRIGAN &
STILES, L.L.P.

Respectfully submitted,

_____
**MICHAEL CHRISTOVICH, T.A. (# 4118)**
**BRANDT K. ENOS (#23058)**
**DEUTSCH, KERRIGAN & STILES, L.L.P.**
755 Magazine Street
New Orleans, LA 70130
Telephone: (504) 581-5141
Attorneys for Vastar Resources, Inc.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been forwarded to all counsel of record by depositing a copy thereof, postage prepaid, in the United States mail, addressed to them on this 7th day of February, 2001.

_____

G:\PURSELL\VASTAR\00026\PLEADING\CERTIFICATE-76E.wpd

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ALFRED TERRY** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NUMBER: 00-0047** |
| | * | |
| **VASTAR RESOURCES, INC.** | * | **SEC. "C", MAG. 4** |
| | * | |
| | * | **HONORABLE GINGER BERRIGAN** |
| | * | |
| | * | **MAGISTRATE JUDGE KAREN ROBY** |

\* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF HEARING

**Now comes** defendant, Vastar Resources, Inc. ("Vastar"), through undersigned counsel, who will bring on for hearing, with oral argument, the above and foregoing motion for leave to file amended answer to plaintiff's original complaint before the Honorable Karen Roby, United States Magistrate Judge, Eastern District of Louisiana, 500 Camp Street, New

Orleans, Louisiana, at ~~9:30~~ 11:00 a.m., on the ~~14~~28th day of February, 2001, or as soon thereafter as counsel may be heard.

Respectfully submitted,

_____
MICHAEL CHRISTOVICH, T.A. (# 4118)
BRANDT K. ENOS (#23058)
DEUTSCH, KERRIGAN & STILES, L.L.P.
755 Magazine Street
New Orleans, LA 70130
Telephone: (504) 581-5141
Attorneys for Vastar Resources, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been forwarded to all counsel of record by depositing a copy thereof, postage prepaid, in the United States mail, addressed to them on this 7th day of February, 2001.

_____

G:\PURSELL\VASTAR\00026\PLEADING\LEAVE-HEARING-NOTICE.wpd

DEUTSCH,
KERRIGAN &
STILES, L.L.P.

- 2 -

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ALFRED TERRY** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NUMBER: 00-0047** |
| | * | |
| **VASTAR RESOURCES, INC.** | * | **SEC. "C", MAG. 4** |
| | * | |
| | * | **HONORABLE GINGER BERRIGAN** |
| | * | |
| | * | **MAGISTRATE JUDGE KAREN ROBY** |

\* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE
TO FILE AMENDED ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

**MAY IT PLEASE THE COURT:**

The following memorandum is respectfully submitted on behalf of defendant Vastar Resources, Inc. ("Vastar") in support of Vastar's motion for leave to file amended answer to plaintiff's original complaint.

## FACTUAL BACKGROUND

By Minute Entry dated September 8, 2000 this Court set a trial date of April 2, 2001 in this matter. That Minute Entry established October 9, 2000 as the deadline to amend pleadings, but plaintiff's deposition was not taken until January 5, 2001. Only after January 5, 2001 did Vastar obtain sufficient evidence to successfully argue the "independent contractor" defense.

Based in large part on plaintiff's testimony, defendant's liability expert, Calvin Barnhill, wrote an expert report that was provided to plaintiff's counsel on January 15, 2001 that is replete with factual findings and conclusions that are identical to the "independent contractor" arguments raised by Vastar in its motion for summary judgment which is set for hearing on February 14, 2001. (See copy of Barnhill report attached as Exhibit "A"). Although the January 30, 2001 deadline for filing dispositive motions (when Vastar filed its motion for summary judgment) also was the deadline for both parties to file motions *in limine* regarding the admissibility of expert testimony, plaintiff's counsel never filed a motion *in limine* to exclude any part of Calvin Barnhill's expert testimony which testimony is intended to support Vastar's "independent contractor" defense to liability.

Plaintiff cites **no federal court decision** supporting his position that under the notice pleading rules stated within the Federal Rules of Civil Procedure, Vastar was required to

plead a "independent contractor" defense. To be sure there are numerous decisions from the Eastern District and Fifth Circuit Court of Appeals where summary judgments were **granted** on grounds of independent contractor, dismissing plaintiff's action without any affirmative defense of "independent contractor" ever having been pled. *See Duplantis v. Shell Offshore, Inc.,* 948 F.2d 187, 192-93 (5th Cir. 1991); *Zepherin v. Conoco Oil Co., Inc.,* 884 F.2d 212 (5th Cir. 1989). To end any issue defendant Vastar now requests that this court allow for the amendment to affirmatively state the defense which has already been pled and briefed in Vastar's Motion for Summary Judgment which is scheduled for hearing on Wednesday, February 15, 2001.

As the Argument section below will make clear, the late discovery of plaintiff's testimony, the lack of prejudice to plaintiff's counsel, and the presumption in favor of granting leave to amend, support Vastar's position that it be allowed to amend its answer and put the "independent contractor" defense properly at issue.

## ARGUMENT

FRCP "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962). As the U.S. Fifth Circuit recently noted: "[t]his standard favors leave as a

necessary companion to notice pleading and discovery." *Lone Star Ladies Investment Club v. Schlotzsky's Inc.*, 2001 WL 21259 *2, C.A. No. 99-50958 (5th Cir. Jan. 9, 2001)(decision attached as Exhibit "B") *Accord, McClellon v. Lone Star Gas Co.*, 66 F.3d 98, 103 (5th Cir. 1995); *Engstrom v. First National Bank of Eagle Lake,* 47 F.3d 1459, 1464 (5th Cir.), *cert. denied*, 516 U.S. 818 (1995). *See also, Filmtec Corp. v. Hydranautics*, 67 F.3d 931, 935 (Fed. Cir. 1995)(court must be guided by underlying purpose of Rule 15 and facilitate decision on merits rather than technicalities), *cert. denied*, 519 U.S. 814 (1996).

Vastar acknowledges that while leave to amend is freely granted, it is not automatic, however, none of the accepted justifications for denying leave to amend are applicable to this case of harmless inadvertence on the part of defense counsel. The U.S. Fifth Circuit has stated the rule as follows:

> The types of reasons that might justify denial of permission to amend a pleading include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party. A court may weigh in the movant's favor any prejudice that will arise from denial of leave to amend. That consideration arises only if there are substantial reasons to deny the amendment. Otherwise, rule 15(a) requires the trial judge to grant leave to amend whether or not the movant shows prejudice.

*Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)(citations omitted).

Clearly, undue delay, bad faith, and dilatory motive are not present as Vastar provided plaintiff's counsel with Vastar's liability expert report based on plaintiff's work as an independent contractor ten days after plaintiff's deposition, then served plaintiff's counsel 25 days after that deposition with a motion for summary judgment based on the "independent contractor" defense. The undersigned's oversight in not also moving for leave to amend its answer to allege the "independent contractor" affirmative defense simply does not evidence undue delay, bad faith or dilatory motive sufficient to disallow amendment. Nor has Vastar repeatedly been allowed, and failed, to cure deficiencies in its pleadings.

Although plaintiff's counsel makes the conclusory assertion that plaintiff would be prejudiced by this amendment, plaintiff does not state specifically how an "independent contractor" defense (which is at the heart of defendant's unobjected-to liability expert testimony) would harm plaintiff. It is two months before trial and one week until the discovery deadline. Plaintiff has claimed that he is surprised to learn of the "independent contractor" defense despite having had Vastar's liability expert report since January 15, 2001, but has made no showing of prejudice. Even if plaintiff were to allege that the defense will necessitate more discovery (which is doubtful); increased discovery due to the

amendment, standing alone, does not support denial. *Maritime Ass'n v. Continental Ill. Nat'l Bank & Trust Co. of Chicago*, 889 F.2d 1248, 1254-55 (2d. Cir. 1989).[1]

Furthermore, "[i]t is appropriate for the court to consider judicial economy and the most expeditious way to dispose of the merits of the litigation." *Dussouy*, 660 F.2d at 598 (citation omitted). Because it is not the eve of trial, but rather the eve of the hearing on a truly dispositive motion that should result in the dismissal of plaintiff's legally unsupportable claims, Vastar's amendment will properly put at issue the correct defense that will end this case. Plaintiff can't rely on an October 9, 2000 pleading amendment deadline when the plaintiff's five-hour deposition didn't even take place until three months after that deadline and was followed promptly by a liability expert report and motion for summary judgment. *Roper v. Exxon Corp.*, 1998 WL 341838 *1 (E.D. La. 1998)("the liberal policy of Rule 15 outweighs the Court's interest in maintaining the schedule of deadlines concerning amendments contained in its [scheduling] order pursuant to Rule 16.")(decision attached as Exhibit "C"). *See also, Baxter International Inc. v. Cobe Laboratories, Inc.*, 1991 WL

---

[1] Plaintiff counsel's inaction with respect to conducting affirmative discovery to date undermines his claim of prejudice. Assuming plaintiff's counsel truly believed that Vastar was plaintiff's borrowing employer (which would bar plaintiff's claims the same as if plaintiff was an independent contractor) then why hasn't opposing counsel ever sought to depose any Vastar personnel, particularly the Vastar production supervisor or production hands present on the job site, in order to defeat a dispositive defense?

280054*2 (N.D. Ill. 1991)(leave to amend defendant's answer was granted where new facts were discovered through depositions and document requests)(copy of decision attached as Exhibit "D"); *Woldow v. Edgemoor Realty Co.*, 81 F.Supp. 800, 802 (D. Del. 1949)(leave to amend granted where new facts became known to the defendants after a deposition was taken and the plaintiffs did not demonstrate that they would be prejudiced by the amendment).

In *Allied Chemical Corp. v. Mackay*, 695 F.2d 854 (5th Cir. 1983) the court stated that "[w]here the matter is raised in the trial court in a manner that does not result in unfair surprise, however, technical failure to comply precisely with Rule 8(c) is not fatal." *Id.* at 855-56 (citation omitted). In *Mackay*, although the affirmative defense of usury was not pled in the answer, the defendant moved for summary judgment on that basis, which was granted. Further, the defense was included in the court's pretrial order. *Id.* at 856. The Fifth Circuit found that the defense was raised "at a pragmatically sufficient time, and Allied was not prejudiced in its ability to respond." *Id.* Construing the Federal Rules of Civil Procedure to do substantial justice, the Fifth Circuit held that the defense of usury had not been waived. *Id.* This Court has followed the *Mackay* rule when holding that a defendant did not waive an affirmative defense by failing to raise the issue in any pleading prior to the Pre-Trial Order. *Hudson Foods, Inc. v. M/V WILHELM PIECK*, 1999 WL 518847 (E.D. La. 1999)

(Berrigan, J.)(decision attached as Exhibit "E"). *Accord Oak Tree Savings Bank v. The Richland Corp.*, 1993 WL 114174 *1 (E.D. La. 1993)(Sear, C.J.)(decision attached as Exhibit "F"). See also *Kerr v. Smith Petroleum Co.,* 896 F.Supp. 602, 604 (E.D.La. 1995) (defendant did not waive defense of statutory employer to negligence claim by failing to plead statutory employer as affirmative defense in his answer; defendant raised defense on summary judgment on basis of facts which developed after plaintiffs filed their complaints moreover; plaintiffs were not prejudiced or unfairly surprised by defendant's raising defense the first time on summary judgment).

## CONCLUSION

Plaintiff's attempt to bar Vastar from raising the "independent contractor" defense is an effort to remove a dispositive legal basis for dismissal of plaintiff's claims. Defendant has shown how the timing of discovery, plaintiff's inconsistent positions, judicial economy and defendant's excusable neglect combine to justify leave to amend under both FRCP Rules 15 and 16, and for these reasons respectfully requests that the Court grant Vastar leave to amend its answer to plaintiff's original complaint to raise the "independent contractor" affirmative defense.

Respectfully submitted,

_____
MICHAEL CHRISTOVICH, T.A. (# 4118)
BRANDT K. ENOS (#23058)
DEUTSCH, KERRIGAN & STILES, L.L.P.
755 Magazine Street
New Orleans, LA 70130
Telephone: (504) 581-5141
Attorneys for Vastar Resources, Inc.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been forwarded to all counsel of record by depositing a copy thereof, postage prepaid, in the United States mail, addressed to them on this ____ day of February, 2001.

_____

G:\PURSELL\VASTAR\00026\PLEADING\LEAVE-MEMO.wpd

- 9 -

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALFRED TERRY | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NUMBER: 00-0047 |
| | * | |
| VASTAR RESOURCES, INC. | * | SEC. "C", MAG. 4 |
| | * | |
| | * | HONORABLE GINGER BERRIGAN |
| | * | |
| | * | MAGISTRATE JUDGE KAREN ROBY |
| * * * * * * * * * * * * * | | |

## VASTAR'S AMENDED ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Now comes defendant Vastar Resources, Inc., through undersigned counsel, who amends its original answer to plaintiff's complaint by withdrawing the defense raised as Vastar's sixth affirmative defense and substituting the following:

DEUTSCH,
KERRIGAN &
STILES, L.L.P.

"SIXTH DEFENSE

Vastar Resources, Inc. raises the "independent contractor" defense as a complete bar to plaintiff's claims."

**WHEREFORE**, defendant Vastar Resources, Inc. prays that its amended answer to the original complaint be deemed good and sufficient, and after due proceedings are had, there be judgment in its favor against plaintiff, dismissing plaintiff's original and first supplemental and amended complaints at plaintiff's costs. Vastar Resources, Inc. further prays for such other relief as may be just and proper in the premises.

Respectfully submitted,

*/s/ Brandt K. Enos*

**MICHAEL CHRISTOVICH, T.A. (# 4118)**
**BRANDT K. ENOS (#23058)**
**DEUTSCH, KERRIGAN & STILES, L.L.P.**
755 Magazine Street
New Orleans, LA 70130
Telephone: (504) 581-5141
Attorneys for Vastar Resources, Inc.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been forwarded to all counsel of record by depositing a copy thereof, postage prepaid, in the United States mail, addressed to them on this ____ day of February, 2001.

_[signature]_

G:\PURSELL\VASTAR\00026\PLEADING\AMENDED-ANSWER.wpd