FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 FEB 12 PM 4:06

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALFRED TERRY | * | CIVIL ACTION |
| VERSUS | * | NUMBER 00-0047 |
| VASTAR RESOURCES, INC. | * | SECTION "C"   MAG. (4) |
| * * * * * * * * * * * * * * * * * * * * * | | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTION FOR LEAVE TO AMEND ITS ANSWERS**

### FACTS

Plaintiff, Alfred Terry, filed his original complaint herein on January 6, 2000. On or about March 16, 2000, Defendant Vastar Resources (Vastar), filed its answer and defenses to Plaintiff's original complaint. **See Exhibit A hereto, Vastar's Answer and Defenses to Plaintiff's Original Complaint.**

In its original answer and defenses, Defendant plead as its Sixth Defense that Plaintiff Alfred Terry was its borrowed servant:

### SIXTH DEFENSE

**Plaintiff Alfred Terry was at all material times a borrowed employee or servant of Vastar Resources, Inc. and therefore, plaintiff's sole and exclusive remedy against Vastar Resources, Inc., which remedies are denied, is workmen's compensation. Vastar Resources, Inc. pleads herein each and every provision**

**of all applicable compensation schemes in defense of or in limitation of plaintiff's allegations.**

On October 4, 2000, Plaintiff filed his First Supplemental and Amended Complaint. In response thereto, on or about October 24, 2000, Defendant filed Vastar's Answer to Plaintiff's First Supplemental and Amended Complaint. In paragraph XIX of that pleading, Defendant Vastar reaverred and realleged its previously plead borrowed servant affirmative defense:

### XIX

**Defendant Vastar, Inc. reavers and realleges as it copied herein in extenso all affirmative defenses raised in its answer to Plaintiff's original complaint.**

**See Exhibit B, Page 1 of Defendant Vastar's Answer to Plaintiff's Supplemental and Amended Complaint.**

On September 8, 2000 the Court issued an Order herein establishing various cut-off dates. As per that Order the cut-off for amendments to pleadings was 30 days from the date of the September 8, 2000 preliminary conference on Monday, October 9, 2000. **See Exhibit C, Court's September 8, 2000 Minute Entry.**

On or about **January 30, 2001**, counsel for Defendant Vastar filed a Motion for Summary Judgment herein. In fact, Defendant's Motion for Summary Judgment was served on counsel for Plaintiff on the last day it could be filed almost at the end of the business day. This caused counsel for Plaintiff to have the shortest possible response time. Additionally, counsel for Defendant Vastar recalcitrantly refused to extend the hearing date on Defendant's Motion or even extend the due date of Plaintiff's opposition.

In the Motion for Summary Judgment which it served on counsel for Plaintiff on the afternoon

of January 31, 2001, Defendant Vastar raised for the first time the defense of independent contractor. This new eleventh hour defense is 180 degrees at odds with the borrowed servant defense which Defendant has twice plead in responsive pleadings herein.

## ARGUMENT

A. **DEFENDANT SHOULD NOT BE ALLOWED TO CHANGE THE THEORY OF ITS DEFENSE AT THIS LATE HOUR.**

The cut-off date to amend pleadings herein was **October 9, 2000**. Defendant did not file its motion to amend its answer until **February 9, 2001**, 123 days later. Additionally, Defendant Vastar did not file its motion to amend its answer until 9 days after it filed its Motion for Summary Judgment.

In Little v. Liquid Air Corp., 952 F.2d 841, 847 (5th Cir. 1992), the Court refused to allow a Plaintiff to amend his complaint after the defendant had filed a motion for summary judgment. In refusing, the Fifth Circuit stated at page 846 n.2:

> **This court has previously emphasized that the fact that a defendant has filed a motion for summary judgment is significant in the determination whether a plaintiff's subsequent motion to amend is timely. See Shivangi v. Dean Witter Reynolds, Inc., 825 F.2d 885, 890 (5th Cir. 1987); Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663, 667 (5th Cir. 1981).**

The above quoted principle is equally applicable to motions to amend filed by defendants after the same defendant has filed a motion for summary judgment. The rationale for not allowing parties to amend pleadings after a motion for summary judgment has been filed was addressed by this court in Clark v. America's Favorite Chicken Co., 896 F.Supp. 611, 616 (E.D. La. 1995). In Clark, this court stated the following:

> **Much of the value of summary judgment procedure would be dissipated if a party were to free to rely on one theory in an attempt to defeat a motion for summary judgment and then, should that theory prove unsound, come back long thereafter and fight on the basis of some other theory. Id. quoting Freeman v. Continental Gin Co., 381 F.2d 459, 469-70 (5th Cir. 1967).**

That is precisely what Defendant Vastar is attempting to do by its motion to amend. Vastar has always relied throughout this case on its affirmative defense of "borrowed servant." Now, long after the pleadings cut-off and after filing its own motion for summary judgment, Defendant Vastar seeks to fight the Plaintiff not just on a new theory, Vastar raises a defense which is directly contradictory to its twice previously plead affirmative defense of borrowed servant.

Recently in Coutcher v. Louisiana Lottery Corp., 234 F.2d 707 (5th Cir. 2000), the Fifth Circuit affirmed the district court's refusal to allow the plaintiff to amend his complaint to add a state law claim approximately 3 months after the cut-off date for amendments to pleadings. The state law claim which plaintiff sought to add had previously been alleged in a state lawsuit which was filed before plaintiff filed his federal complaint. Nevertheless, the district court and the Fifth Circuit found that plaintiff's motion to amend should have been denied as untimely. In reaching that conclusion, the Fifth Circuit cited two facts; 1) Plaintiff's motion to amend was filed after defendant's motion for summary judgment and 2) Plaintiff had previously amended his pleadings and had failed to allege his state law claims. **See Exhibit D.**

Likewise here, Defendant Vastar failed to raise the independent contractor defense in either of its prior two pleadings. Second, Defendant did not file its motion to amend to add a new defense until after Vastar filed its presently pending motion for summary judgment.

This case has been pending for over a year. There is no excuse for Defendant Vastar's delay

4

in pleading the "independent contractor" defense. Vastar should have conducted discovery long ago and raised that issue. Not only did Vastar not timely raise the "independent contractor" defense until recently, Defendant still continued to claim that Plaintiff was Vastar's borrowed servant.

## CONCLUSION

Defendant Vastar's motion to amend should be denied for three reasons:

1) **It was filed 123 days after the amendment cut-off date;**

2) **It was filed 9 days after Defendant's Motion for Summary Judgment; and**

3) **If Defendant is allowed to change its position at this late hour of this litigation on the issue of control of the Plaintiff, Plaintiff will be prejudiced.**

Respectfully submitted,

By: _____
Clement P. Donelon, Bar No. 4996
Attorney at Law
4508 Clearview Parkway
Suite 1B
Metairie, Louisiana 70006
(504) 887-0077

---

CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served upon opposing counsel by hand delivery or by placing a copy of same in the U.S Mails, postage prepaid and properly addressed, on this _____ day of Feb _____, 2001

_____

---

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALFRED TERRY | CIVIL ACTION |
| | NO. 00-0047 |
| VERSUS | SECTION: "C" |
| VASTAR RESOURCES, INC. | MAGISTRATE: "4" |

### VASTAR'S ANSWER AND DEFENSES
### TO PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES defendant Vastar Resources, Inc. and for answer to the complaint of Alfred Terry, avers as follows:

### FIRST DEFENSE

The Complaint fails to state a claim or cause of action for which relief may be granted.

### SECOND DEFENSE

Plaintiff's alleged injury, which is denied, was caused in whole or in part by his own negligence, fault or misconduct, which precludes or limits any recovery herein.


EXHIBIT A

## THIRD DEFENSE

Plaintiff's alleged injury was caused, in whole or in part by the negligence, fault, misconduct, breach of duty, contract, and/or warranty, of or by third parties for whom defendant Vastar Resources, Inc. is not responsible, which precludes recovery against Vastar Resources, Inc.

## FOURTH DEFENSE

Plaintiff's alleged injury, which is denied, was caused in whole or in part by the unseaworthiness of a vessel owned and/or operated by others, for which Vastar Resources, Inc. is not responsible or liable.

## FIFTH DEFENSE

Alternatively, plaintiff's alleged injury, which is denied, was caused by an act of God, force majeure, or unavoidable accident, which prevents any recovery against defendant Vastar Resources, Inc.

## SIXTH DEFENSE

Plaintiff Alfred Terry was at all material times a borrowed employee or servant of Vastar Resources, Inc. and therefore, plaintiff's sole and exclusive remedy against Vastar Resources, Inc., which remedies are denied, is workmen's compensation. Vastar Resources, Inc. pleads herein each and every provision of all applicable compensation schemes in defense of or in limitation of plaintiff's allegations.

## SEVENTH DEFENSE

Plaintiff has failed to mitigate his loss or damage, if any.

## EIGHTH DEFENSE

AND NOW, for answer to the allegations set forth in the original complaint, Vastar Resources, Inc. avers:

I.

The allegations contained in Paragraph 1 are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

II.

The allegations contained in Paragraph 2 are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

III.

The allegations contained in Paragraph 3 are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

IV.

The allegations contained in Paragraph 4 are admitted as Vastar Resources, Inc. is a Texas corporation with its principal place of business located in Houston, Texas.

V.

The allegations contained in Paragraph 5 are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

VI.

The allegations contained in Paragraph 6 are denied, except to admit that Vastar Resources, Inc. operates a drilling platform in Block 95 Area of the Gulf of Mexico.

VII.

The allegations contained in Paragraph 7 are denied, except to admit that there is a platform crane on the platform in Block 95.

VIII.

The allegations contained in Paragraph 8 are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

IX.

The allegations contained in Paragraph 9 are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

X.

The allegations contained in Paragraph 10 are denied.

XI.

The allegations contained in Paragraph 11 are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

XII.

The allegations contained in Paragraph 12 are denied.

XIII.

The allegations contained in Paragraph 13 are denied.

XIV.

The allegations contained in Paragraph 14 are denied.

XV.

The allegations contained in Paragraph 15 are denied.

XVI.

Vastar Resources, Inc. has no objection to a trial by jury.

XVII.

The allegations contained in Plaintiff's prayer for relief are denied.

**WHEREFORE,** defendant Vastar Resources, Inc. prays that its answer to the original complaint be deemed good and sufficient, and after due proceedings are had, there be judgment in its favor and against plaintiff, dismissing the original complaint at plaintiff's costs. Vastar Resources, Inc. further prays for such other relief as may be just and proper in the premises.

Respectfully submitted,

*/s/ Michael M. Christovich*

MICHAEL M. CHRISTOVICH, T.A. (4118)
KYLE L. POTTS (26472)
DEUTSCH, KERRIGAN & STILES, L.L.P.
755 Magazine Street
New Orleans, Louisiana 70130
Phone: 504-581-5141
Attorneys for VASTAR RESOURCES, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served on all counsel of record by depositing same in the United States mail, properly addressed and postage prepaid, this 15th day of March, 2000.

                                                                              */s/ Michael M. Christovich*
                                                                              MICHAEL M. CHRISTOVICH

XVIII.

Vastar Resources, Inc. further denies any and all allegations contained in any unnumbered or misnumbered paragraphs and the prayer of plaintiff's first supplemental and amended complaint.

XIX.

Defendant Vastar Resources, Inc. reavers and realleges as if copied herein *in extenso* all affirmative defenses raised in its answer to plaintiff's original complaint.

**WHEREFORE**, defendant Vastar Resources, Inc. prays that its answer to plaintiff's first supplemental and amended complaint be deemed good and sufficient, and after due proceedings are had, there be judgment in its favor and against plaintiff, dismissing plaintiff's original and first supplemental and amended complaint at plaintiff's costs. Vastar Resources, Inc. further prays for such other relief as may be just and proper in the premises.

Respectfully submitted,

*/s/ Brandt K. Enos*

MICHAEL M. CHRISTOVICH, T.A. (#4118)
BRANDT K. ENOS (#23058)
KYLE L. POTTS (#26472)
DEUTSCH, KERRIGAN & STILES, L.L.P.
755 Magazine Street
New Orleans, Louisiana 70130
Phone: 504-581-5141
Attorneys for VASTAR RESOURCES, INC.


EXHIBIT B

UNITED STATES DISTRICT COURT
FILED

September 8, 2000

EASTERN DISTRICT OF LOUISIANA
Loretta G. Whyte
Clerk

**MINUTE ENTRY
BERRIGAN, J.
SEPTEMBER 8, 2000**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALFRED TERRY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 00-0047** |
| **VASTAR RESOURCES, INC.** | **SECTION:C(4)** |

A Preliminary Conference was held this date.

Participating were:
Clement Donelon
Michael Christovich

**Pleadings have been completed. Jurisdiction and venue are established.**

All pretrial motions, including motions for summary judgment and motions *in limine* regarding the admissibility of expert testimony, shall be filed and served in sufficient time to permit hearing thereon no later than 45* days prior to the trial date (see motion calendar attached). Any motions filed in violation of this Order shall be deemed waived unless good cause is shown. All other motions *in limine* shall be allowed to be filed up to the time of trial or as otherwise ordered by the Court.

Counsel shall complete all disclosure of information as follows:

```
___FEE_____
___PROCESS_____
X  DKTD_____KAC_____
___CTRMDEP_____
DOC.NO._____10_____
```

DATE OF ENTRY ___9/8/00___

EXHIBIT
C

Depositions for trial use shall be taken and all discovery shall be completed not later than 30 days prior to Final Pretrial Conference Date.

Amendments to pleadings, third-party actions, cross-claims, and counterclaims shall be filed no later than 30 days from the date of the Preliminary Conference.

Counsel adding new parties subsequent to mailing of this Notice shall serve on each new party a copy of this Minute Entry. Pleadings responsive thereto, when required, shall be filed within the applicable delays therefor.

Written reports of experts, including treating physicians, who may be witnesses for Plaintiffs fully setting forth all matters about which they will testify and the basis therefor shall be obtained and delivered to counsel for Defendant as soon as possible, but in no event later than 90 days prior to Final Pretrial Conference Date.

Written reports of experts, including treating physicians, who may be witnesses for Defendants fully setting forth all matters about which they will testify and the basis therefor shall be obtained and delivered to counsel for Plaintiff as soon as possible, but in no event later than 60 days prior to Final Pretrial Conference Date.

Counsel for the parties shall file in the record and serve upon their opponents a list of all witnesses who may or will be called to testify at trial and all exhibits which may or will be used at trial not later than 60 days prior to Final Pretrial Conference Date.

The Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits, without an order to do so issued on motion for good cause shown.

A settlement conference will be scheduled at any time at the request of any party to this action.

This case does not involve extensive documentary evidence, depositions or other discovery. No special discovery limitations beyond those established in the Federal Rules, Local Rules of this Court, or the Plan are established.

A Telephone Status Conference regarding settlement will be held on Tuesday, February 13, 2001, at 9:00 a.m. The Court will initiate the telephone call.

A Final Pretrial Conference will be held on Thursday, March 15, 2001, at 9:00 a.m. Counsel will be prepared in accordance with the final Pretrial Notice attached.

Trial will commence on Monday, April 2, 2001, at 10:00 a.m. before the District Judge with a jury. Attorneys are instructed to report for trial not later than 30 minutes prior to this time. The starting time on the first day of a jury trial may be delayed or moved up because of jury pooling. Trial is estimated to last 3 day(s).

Deadlines, cut-off dates, or other limits fixed herein may only be extended by the Court upon timely motion filed in compliance with the Plan and Local Rules and upon a showing of good cause. Continuances will not normally be granted. If, however, a continuance is granted, deadlines and cut off dates will be automatically extended, unless otherwise ordered by the Court.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

ISSUED FOR THE COURT:

Kimberly A. County
Courtroom Deputy

*MOTIONS ARE TO BE FILED TO PERMIT HEARING NO LATER THAN 45 DAYS PRIOR TO TRIAL DATE

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

U.S. COURT OF APPEALS
**FILED**

OCT 0 6 2000

CHARLES R. FULBRUGE III
CLERK

No. 00-30662

Summary Calendar

HAROLD COUTCHER,                                    Plaintiff-Appellant,

versus

LOUISIANA LOTTERY CORPORATION;
DANNY JACKSON                                       Defendant-Appellee.

Appeal from the United States District Court
For the Western District of Louisiana

(97-CV-372)

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Appellant contends that he was terminated from his job as a regional manager for the Louisiana Lottery Corporation ("LLC") because of his race and age.[1] Coutcher urges us to overturn the decision of the district court granting summary judgment in favor

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Coutcher, who is Caucasian, was 61 when terminated

of defendants.[2] He also asks us to overturn the court's denial of his motion to stay federal proceedings in favor of a parallel state proceeding, as well as his motion to amend his complaint. We decline this invitation.

The district court had ample, uncontroverted evidence upon which to base its grant of summary judgment. Although the court did not have the guidance of the Supreme Court's decision in *Reeves v. Sanderson Plumbing Products Co.*,[3] it specifically held that Coutcher failed to demonstrate that the reasons for his discharge were pretextual.[4] The court cited "overwhelming" evidence that the discharge was based on Coutcher's inadequate job performance. Coutcher failed to dispute the fact that numerous employees filed complaints; that Jackson investigated the complaints and ordered him to rectify the situation; and that he disobeyed Jackson's clear directive that regional managers not leave the office on days when terminal extractions were undertaken.

Croutcher's evidence of pretext is either irrelevant or insufficient as a matter of law. Plaintiff's claim that a similarly-situated black male was not terminated fails to meet the

---

[2] We are only asked to decide the propriety of the court's grant of judgment on Coutcher's 42 U.S.C. § 1981 and § 1983 claims.

[3] 120 S. Ct. 2097 (2000).

[4] *See Reeves*, 120 S. Ct. at 2106.

requirement that such evidence be "nearly identical" to the facts at issue.[5] Moreover, the allegedly racist comments by Jackson were stray remarks not relevant to Coutcher's termination.[6] Inadequate sample size invalidates Coutcher's statistical evidence regarding the hiring and termination of regional managers.[7] At the district court level, Coutcher also failed to contradict testimony that the proposed disciplinary procedures were not in effect at the time of his termination; his argument on this ground therefore fails.

The fact that Jackson and Shuford were employees of LLC does not mean that this Court must disregard their testimony as "interested witnesses" for purposes of summary judgment. Adoption of such a position is not compelled by *Reeves*,[8] and would render it virtually impossible for defendants to obtain summary judgment in discrimination cases, where the testimony of other employees is central to their resolution.[9]

---

[5] *See Wyvill v. United Companies Life Ins. Co.*, 212 F.3d 296, 304 (5th Cir. 2000).

[6] *See Sreeram v. Louisiana State Univ. Med. Center-Shreveport*, 188 F.3d 314, 320-21 (5th Cir. 1999); *Bennett v. Total Minatome Corp.*, 138 F.3d 1053, 1061 (5th Cir. 1998).

[7] *See Scott v. University of Mississippi*, 148 F.3d 493, 510 (5th Cir. 1998); *Smith v. Western Electr. Co.*, 770 F.2d 520, 525-28 (5th Cir. 1985).

[8] Coutcher cites *Reeves*, 120 S.Ct. at 2110.

[9] *See Boze v. Branstetter*, 912 F.2d 801, 807 (5th Cir. 1990) (condemning restriction on summary judgment motions that would

The district court did not abuse its discretion in refusing to grant Coutcher's motion to stay. The putative impact on state finances by an adverse judgment in this case - i.e., a possibly diminished contribution from the LLC's surplus to the State - is too indirect and attenuated for Eleventh Amendment purposes.[10] Nor do extraordinary circumstances mandate abstention.[11]

Finally, we do not discern an abuse of discretion in the court's refusal to grant leave to amend. The motion was untimely filed[12] and was entered after Coutcher repeatedly failed to amend his complaint to include state law claims. The questionable timing of the filing - i.e., on the eve of the district court's summary judgment determination - indicates possible bad faith.[13] Granting

---

render them "meaningless, time-consuming, and expensive exercises").

[10] See Pendergrass v. Greater New Orleans Expressway Comm'n, 144 F.3d 342, 345 (5th Cir. 1998).

[11] See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813-14 (1976); Murphy v. Uncle Ben's, Inc., 168 F.3d 734, 738 (5th Cir. 1999) (finding that parallel litigation was duplicative, not piecemeal, and stating that "the prevention of duplicative litigation is not a factor to be considered in an abstention determination").

[12] See Avatar Exploration, Inc. v. Chevron, U.S.A., Inc., 933 F.2d 314, 320 (5th Cir. 1991).

[13] See Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139-40 (5th Cir. 1993).

the motion also would have conceivably prejudiced defendants.[14] In light of the preceding, the district court's judgment is therefore AFFIRMED.

    AFFIRMED.

---

[14] *See Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 667 (5th Cir. 1981).