```
                                    FILED
                               U.S. DISTRICT COURT
                             EASTERN DISTRICT OF LA

                              2001 FEB 14  AM 11: 35

                                 LORETTA G. WHYTE
                                       CLERK
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALFRED TERRY | * | CIVIL ACTION |
| VERSUS | * | NUMBER   00-0047 |
| VASTAR RESOURCES, INC. | * | SECTION "C"   MAG. (4) |
| * * * * * * * * * * * * * * * * * * * * | | **JURY TRIAL DEMANDED** |

### PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT VASTAR'S MOTION FOR SUMMARY JUDGMENT

### FACTS

On the witness list which it filed with the Court in this action, Defendant Vastar listed, inter alia, the following as may call witnesses:

a) Sam Clary;

b) Carroll Kent Smith; and

c) Calvin Barnhill

Along with the witness and exhibit list with it provided to counsel for Plaintiff, Vastar provided a report from Calvin Barnhill, Vastar's alleged liability expert. In support of its Motion for Summary Judgment, Defendant Vastar has failed to provide admissible evidence from any of those three witnesses. However, Vastar has submitted inadmissible unsworn evidence from Smith and its



employee, Sam Clary.

## ARGUMENT

A. **THE COURT SHOULD DRAW AN ADVERSE INFERENCE FROM VASTAR'S FAILURE TO OFFER ADMISSIBLE EVIDENCE FROM BARNHILL, CLARY AND SMITH.**

In <u>Davis v. Wal-Mart Stores, Inc.</u>, 751 So.2d 357, 361-62 (La. App. 5th Cir. 2000), the Court held that where a litigant fails to produce evidence available to him and he does not provide a reasonable explanation, the presumption is that the evidence would have been unfavorable. Also see <u>Small v. Buloise Ins. Co. of America</u>, 753 So.2d 234, 242 (La. App. 4th Cir. 1998) and <u>Rettifield v. Venture</u>, 2000 WL 1027220 (La. App. 3rd Cir. 2000).

In discussing the adverse inference presumption, this court in <u>Texas Eastern Transmission Corporation v. Garber Bros.</u>, 494 F.Supp 832, 835 (E.D. La. 1980), affirmed in part 677 F.2d 114 (5th Cir. 1982) stated:

> **The longstanding rule of adverse inference provides that "when a party has relevant evidence within his control which he fails to produce, that failure gives rise to an inference that the evidence is unfavorable to him." <u>International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UWA) v. NCRB</u>, 459 F.2d 1239 (D.C. Cir. 1972) (J. Skelly Wright), citing among others <u>Armory v. Delamore</u>, 1 Strange 505 (1722). See <u>Transcontinental Gas Pipeline Corporation v. Mobile Drilling Barge</u>, 424 F.2d 684 (5th Cir.) cert denied 400 U.S. 832, 91 S.Ct. 65, 27 L.Ed.2d 64 (1970).**

Recently the Louisiana Supreme Court held that expert opinion testimony is admissible in a summary judgment proceeding. See <u>Independent Fire Ins. Co. v. Sunbeam Corp.</u>, 755 So.2d 226, 231 (La. 2000). Therefore, Defendant Vastar's assertion that the affidavit of Plaintiff's expert is inadmissible is clearly wrong. Additionally, Defendant Vastar's failure to provide an affidavit from

Calvin Barnhill, its purported liability expert, creates an inference that, if Barnhill had provided an affidavit it would have been unfavorable to Vastar.

Furthermore, Vastar also failed to provide admissible evidence from either Kent Smith or Sam Clary. However, Vastar did get unsworn statements from both, and Clary is a Vastar employee. Obviously these two witnesses were within Vastar's control.

On the central issue of whether Vastar authorized Plaintiff's method of disassembling the "tool string", Sam Clary is a pivotal witness. Plaintiff has provided deposition testimony and an affidavit which both demonstrate that Clary expressly authorized Plaintiff's actions and was present throughout the videoing process. Vastar has not provided one scintilla of admissible evidence from Sam Clary in support of its motion. In the absence of any admissible evidence from Sam Clary, Defendant Vastar cannot even satisfy its initial burden in a summary judgment motion.

Respectfully submitted,

By /s/ Clement P. Donelon
Clement P. Donelon, Bar No. 4996
Attorney at Law
4508 Clearview Parkway
Suite 1B
Metairie, Louisiana 70006
(504) 887-0077

---

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been served upon opposing counsel by hand delivery or by placing a copy of same in the U.S. Mails, postage prepaid and properly addressed, on this 12th day of February, 2001.

/s/ Clement P. Donelon

---