```
                    FILED
             U.S. DISTRICT COURT
            EASTERN DISTRICT OF LA

             2001 MAR 16  AM 8: 45

               LORETTA G. WHYTE
                    CLERK
```

MINUTE ENTRY
BERRIGAN, J.
March 15, 2001

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALFRED TERRY** | **CIVIL ACTION** |
| versus | NO. 00-0047 |
| **VASTAR RESOURCES, INC.** | SECTION "C"(1) |

On this date, the Court held the final pre-trial conference in this matter with the following counsel in attendance: Clement Donelon for Plaintiff, Michael Christovich and Brandt Enos for Defendant, and J. Louis Gibbens for Intervenor. The following items were discussed, determined and ordered:

(1) Any motion in limine shall be filed no later than <u>Friday, March 23, 2001, at 4:30 p.m.</u> Any opposition thereto shall be filed no later than <u>Monday, March 26, 2001, at 4:30 p.m.</u>

(2) <u>On Friday, March 23, 2001, by 4:30 p.m.</u>, counsel for the plaintiff is to prepare and submit to the Court two (2) copies of a single joint Bench Book which shall contain:

    (a) An index of all exhibits listing and numbering all exhibits sequentially and

```
DATE OF ENTRY

  MAR 16 2001
```



without reference to the offering party. All "un-objected to" exhibits are to be listed first followed by the "objected to" exhibits. In a separate document to be submitted to the Court at the same time, the offering party must briefly respond to each objection in two to three sentences.

(b)  All exhibits are to be included in one joint Bench Book and tabbed. Each individual exhibit exceeding five (5) pages in length shall be individually paginated.

(3)  Any discovery that will be used as an exhibit must be specifically identified; for example, the exact Interrogatory and corresponding Answer. Likewise, other documents such as regulations or portions of files must be specifically identified.

(4)  If any video depositions are to be used at trial, the offering party must submit a copy of the transcript to this Court by <u>Friday, March 23, 2001, at 4:30 p.m.</u> Additionally, any video deposition must be edited so as to delete all objections and colloquy of counsel, and there shall be no "dead" video or audio spots in the video deposition. If the parties cannot amicably resolve all of the objections, the offering party must submit a transcript of the deposition to this Court by <u>Friday, March 23, 2001, at 4:30 p.m.</u>, with the disputed objections highlighted and the Court will promptly rule thereon so that the video deposition can be edited as described prior to trial. A copy of the "clean" video deposition shall be submitted prior to trial.

(5)  Any transcribed deposition testimony to be used at trial shall be submitted no later than <u>Friday, March 23, 2001, at 4:30 p.m.</u> Again, all objections and colloquy shall be deleted and all offered testimony highlighted. In the absence of agreement on

objections, counsel shall submit a copy of the deposition with a brief statement specifying the objection and reason therefor no later than Friday, March 23, 2001, at 4:30 p.m., and the Court will promptly rule so that a copy of the "clean" deposition can be submitted prior to trial.

(6) Any objections as to the admissibility of a document or the ability of a witness to testify based upon noncompliance with any deadline shall be raised by written motion filed no later than Friday, March 23, 2001, at 4:30 p.m. Any responses to such objections shall be raised by written motion filed no later than Monday, March 26, 2001, at 4:30 p.m.

(7) All pre-trial memoranda, proposed special jury charges, proposed special voir dire questions and proposed jury interrogatories shall be submitted by Friday, March 23, 2001, at 4:30 p.m.

(8) All contested issues of law shall be briefed and submitted by Friday, March 23, 2001, at 4:30 p.m.

(9) Trial shall commence on Monday, April 2, 2001, at 10:00 a.m.

(10) The parties shall pursue amicable resolution of this matter.