FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 MAR 22 PM 2: 02

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALFRED TERRY | * | CIVIL ACTION |
| VERSUS | * | NUMBER   00-0047 |
| VASTAR RESOURCES, INC. | * | SECTION "H"   MAG. (2) |

* * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
IMPEACHMENT EVIDENCE OF CARROLL KENT SMITH**

**FACTS**

One of the primary fact witnesses in this case is Carroll Kent Smith. Defendant Vastar obtained an unsworn statement from Mr. Smith and submitted that statement in support of its motion for summary judgment. However, Mr. Smith was interviewed by Plaintiff's expert Edward Robert. During that interview, Mr. Smith described the conditions of the Vastar platform at the time of the subject accident and Mr. Smith told Mr. Robert about the facts surrounding the subject accident. Now, it is suspected that Mr. Smith may give a different account of those same facts in his testimony on behalf of Defendant Vastar. If Smith does, Plaintiff intends to impeach Smith's testify with the prior inconsistent oral statements he made to Mr. Robert.

## ARGUMENT

FRE 613(a) provides as follows:

**In examining a witness concerning a prior statement made by him, whether written or not, the statement need not be shown nor its contents disclosed to him at that time, but on request the same shall be shown or disclosed to opposing counsel.**

In discussing the above evidentiary principle, the Fifth Circuit in <u>U.S. v. Sisto</u>, 534 F.2d 616, 622 (5th Cir. 1976), stated the following:

**It is hornbook law that evidence of prior inconsistent statements of a witness may be admitted to impeach that witness. See McCormick on Evidence Section 34 (1972). The prior statements may have been <u>oral</u> and <u>unsworn</u>, and the making of the previous statements may be drawn out in cross-examination of the witness himself or if on cross-examination the witness has denied making the statement, or has failed to remember it, the making of the statement may be proved by <u>another witness</u>. <u>id.</u>**

In discussing the above, the Fifth Circuit added:

**These principles have long ben supported by decisions of this Circuit (citations omitted).**

In <u>Sisto</u> at page 622, the Fifth Circuit further stated:

**The cases dealing with cautionary instructions cited in the next section also recognize that prior inconsistent statements are admissible, at least for the purpose of impeachment of an opposition witness.**

Here, Carroll Kent Smith is a witness for Defendant Vastar. In fact, Smith has provided counsel for Vastar with both a recorded statement and an unsworn statement. The later was used to support Defendant's unsuccessful Motion for Summary Judgment. Clearly any statements which Smith made to Edward Robert which are inconsistent with his unsworn statement and his testimony at trial can be used to impeach Smith under FRE 613(a). It matters not to whom Smith made the prior inconsistent statement. Thus, Ed Robert's testimony should be allowed for the purpose of

impeaching Mr. Smith.

        Respectfully submitted,

        *[signature]*

        CLEMENT P. DONELON, BAR #4996
        Attorney at Law
        4508 Clearview Parkway, Suite 1-B
        Metairie, Louisiana 70006-2379
        Telephone: (504) 887-0077

---

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been served upon opposing counsel by hand delivery or by placing a copy of same in the U.S. Mails, postage prepaid, and properly addressed, on this _____ day of __March__, 2001.

*[signature]*