

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALFRED TERRY | * | CIVIL ACTION |
| VERSUS | * | NUMBER   00-0047 |
| VASTAR RESOURCES, INC. | * | SECTION "H"   MAG. (2) |

* * * * * * * * * * * * * * * * * * * * * * *

## MOTION TO CONTINUE OR ALTERNATIVELY
## TO AMEND PRE-TRIAL ORDER

NOW INTO COURT, through undersigned counsel comes Plaintiff, Alfred Terry for the purpose of filing this motion to continue the trial of this matter which is presently set to commence on April 2, 2001 or alternatively to amend the Joint Pre-Trial Order to add the deposition of Dr. Watermeier as an exhibit for Plaintiff.

This motion is being filed for the reasons set forth in Plaintiff's memorandum in support of said motion which is being filed contemporaneous with the motion.

Counsel for Plaintiff has discussed this motion with counsel for Defendants. Counsel for Vastar opposes Plaintiff's motion to continue the trial and counsel for Intervenor does not oppose Plaintiff's motion to continue the trial..

WHEREFORE Plaintiff prays that this Honorable Court issue an order continuing the trial



of this matter which is presently set for Monday, April 2, 2001 or alternatively amend the Pre-Trial Order to add as an exhibit the deposition of Dr. John Watermeier.

Respectfully submitted,

CLEMENT P. DONELON, BAR #4996
Attorney at Law
4508 Clearview Parkway, Suite 1-B
Metairie, Louisiana 70006-2379
Telephone: (504) 887-0077

CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served upon opposing counsel by hand delivery or by placing a copy of same in the U.S Mails, postage prepaid and properly addressed, on this ___ day of _____, 2001.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALFRED TERRY | * | CIVIL ACTION |
| VERSUS | * | NUMBER   00-0047 |
| VASTAR RESOURCES, INC. | * | SECTION "H"   MAG. (2) |

* * * * * * * * * * * * * * * * * * * * * *

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO CONTINUE TRIAL AND CUT-OFF DATES OR ALTERNATIVELY TO AMEND PRE-TRIAL ORDER

### FACTS

Plaintiff filed his initial Complaint herein on January 6, 2000. On or about March 16, 2000, Defendant Vastar filed its original Answer. In its Answer, Defendant Vastar plead the affirmative defense of borrowed servant. Thereafter, on or about October 4, 2000, Plaintiff filed his First Supplemental and Amended Complaint, and on or about October 24, 2000, Defendant filed its Answer and Affirmative Defenses in Response to Plaintiff's Supplemental and Amended Complaint. In its second Answer, Defendant Vastar again pled the affirmative defense of borrowed servant.

Pursuant to the Court's September 8, 2000 Order, the cut-off date for amendments to pleadings herein was on or about October 9, 2000 and the cut-off date for discovery was February 14, 2001. On February 14, 2001, the discovery cut-off date, the Court granted Defendant Vastar's

Motion to Amend its Answer and allowed Vastar to withdraw its affirmative defense of borrowed servant and to add the affirmative defense of "independent contractor." This was the discovery cut-off date.

Additionally, on or about March 12, 2001, approximately 5 months after the deadline for amendments to pleadings and on the eve of the March 14, 2001 pre-trial conference, the Court allowed Travelers Insurance Company to intervene in this lawsuit. Travelers' agent had been given in her hand a copy of Plaintiff's complaint at a meeting conducted by the DOL on Plaintiff's LHWCA claim on May 16, 2000. However, Travelers failed to intervene until on or about March 7, 2001.

Now Plaintiff's counsel has learned that his client's primary treating physician who was served with a trial subpoena on Wednesday, March 21, 2001 requiring his testimony 13 days later on Tuesday, April 13, 2001 cannot attend and testify because he will be out of the state.

## ARGUMENT

### A. PLAINTIFF HAS BEEN UNABLE TO CONDUCT DISCOVERY ON VASTAR'S INDEPENDENT CONTRACTOR DEFENSE DUE TO THE LATENESS OF THE AMENDMENT

Defendant Vastar was allowed to delete its borrowed servant defense and substitute the affirmative defense of "independent contractor" just 2 days prior to the discovery cut-off date. The affirmative defenses of "borrowed servant" and "independent contractor" are diametrically opposites. They are the factual antithesis of each other. The Court has also ruled that evidence of this recent change in position by Vastar after this case was pending over 2 years is inadmissible. Given the lateness of the Court's Order allowing Vastar to change its position on the issue of the control which it exercised over the Plaintiff, the Plaintiff will be prejudiced if not given the opportunity to conduct

discovery on the control issue. Previously there was no need to do so because clearly Mr. Terry was not Vastar's borrowed servant. However, Vastar's defense that it did not exercise **any** operational control over Plaintiff is 180 opposite its twice pled borrowed servant affirmative defense.

B.   **PLAINTIFF HAS BEEN UNABLE TO CONDUCT DISCOVERY REGARDING TRAVELERS' MARCH 7, 2001 INTERVENTION**

Travelers was allowed to intervene in this lawsuit on or about March 7, 2001. This was about 5 months after the pleadings cut-off date and 3 weeks after the discovery cut-off date. As a result, Plaintiff was prevented from conducting any discovery on the claims asserted by Travelers in its Intervention.

C.   **DR. WATERMEIER WAS TIMELY SERVED WITH A SUBPOENA FOR TRIAL BY PLAINTIFF**

"There is no specific time period set forth in Rule 45 for when a subpoena is returnable, i.e. for the notice time the recipient must be given before compliance is called for.[1] However, in discussing what is generally considered a "reasonable" time period under Rule 45, Commentator David D. Siegel states:

> **Some lawyers try to give at least 10 days notice time as a rule of thumb, giving less only when it is unavoidable. Others report using five days as a general standard.**

Mr. Siegel goes on to state that some lawyers give 30 days notice or even longer. A problem with serving subpoenas too far in advance is that they get lost or discarded. Here, Dr. Watermeier was served 13 days prior to his anticipated testimony date. Plaintiff's process server was trying to

---

[1] David P. Siegel, Practice Commentaries, United States Code Annotated.

serve Dr. Watermeier for 5 days prior to actually serving him. The problem is not that Dr. Watermeier has been given reasonable notice. Apparently Dr. Watermeier has had a trip planned for an extended period of time more than thirty days. In <u>Thompson v. Nationwide Mut. Ins. Co.</u>, 663 So.2d 191, 194 (La. App. 3rd Cir. 1995), the Court reversed the trial court decision in a case where the plaintiff was forced to proceed to trial without the testimony of his primary treating physician. In <u>Thompson</u> the plaintiff issued a subpoena to his treating physician "two days before trial." In reversing the trial court, the Court of Appeal stated:

> **A litigant should be able to rely on a potential witness obeying a valid order to appear to testify.**

Here, Plaintiff will be prejudiced if the jury is not allowed to hear Dr. Watermeier's live testimony. Alternatively, the pre-trial order should be amended and Plaintiff should be allowed to depose Dr. Watermeier for perpetuation and presentation of his deposition testimony at trial.

## CONCLUSION

Plaintiff has been prejudiced by Defendant Vastar's recent change in its position on the issue of operational control without having the opportunity to conduct discovery on this new defense. Plaintiff has also been prejudiced by Travelers extremely late entry into this case. Plaintiff has not had the opportunity to conduct **any** discovery regarding Travelers intervention. Furthermore, Plaintiff will be extremely prejudiced if he is not allowed to present Dr. Watermeier's live testimony. At the very least, Plaintiff should be allowed to present Dr. Watermeier's testimony via deposition.

Respectfully submitted,

_____
CLEMENT P. DONELON, BAR #4996
Attorney at Law
4508 Clearview Parkway, Suite 1-B
Metairie, Louisiana 70006-2379
Telephone: (504) 887-0077

| CERTIFICATE OF SERVICE |
|---|
| I hereby certify that the foregoing has been served upon opposing counsel by hand delivery or by placing a copy of same in the U.S. Mails, postage prepaid and properly addressed, on this 22nd day of March, 2001. <br><br> _____ |